UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOYA HANKINS, MARCUS AMICK
and AMOS ARAUZ,

                     Plaintiffs,

    v.

TITMOUSE INC., AMAZON CONTENT
SERVICES LLC, CHRIS PRYNOSKI,
SHANNON PRYNOSKI, MARK
BROOKS, and TAL MOSCOVICI,

                   Defendants.

_____/

Case No. 2:24-cv-12682
Honorable: David M. Lawson
Magistrate: Anthony P. Patti

Jury Trial Demanded

## DEFENDANTS TITMOUSE INC., CHRIS PRYNOSKI, SHANNON PRYNOSKI, AND MARK BROOKS' ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

      Defendants Titmouse Inc. ("Titmouse"), Chris Prynoski, Shannon Prynoski, and Mark Brooks (collectively, "Defendants"), by and through their undersigned attorneys, hereby answer the First Amended Complaint and Demand for Jury Trial, dated December 5, 2024 (the "Amended Complaint") filed by Plaintiffs Toya Hankins, Marcus Amick, and Amos Arauz (collectively, "Plaintiffs"). To the extent that any allegation in the Amended Complaint is not specifically admitted, the allegation is denied. Defendants answer the corresponding numbered paragraphs of the Amended Complaint as follows:

## PARTIES

1.      Defendants admit that Toya Hankins is one of the named plaintiffs in this action and is an individual.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis deny them.

2.      Defendants admit that Marcus Amick is one of the named plaintiffs in this action and is an individual.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis deny them.

3.      Defendants admit that Amos Arauz is one of the named plaintiffs in this action and is an individual.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis deny them.

4.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

5.      Defendants deny that Titmouse is a California corporation; Titmouse is Delaware corporation.  Defendants deny that Titmouse's principal place of business is in Los Angeles, California; it is located in Burbank, California.

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

2

7.     Defendants admit that Chris Prynoski is the president and co-owner of Titmouse, and that Mr. Prynoski lives in Los Angeles, California.  The remaining allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Mr. Prynoski conducts business throughout the State of Michigan, and deny that this Court has personal jurisdiction over Mr. Prynoski.

8.     Defendants admit that Shannon Prynoski is the vice president and co-owner of Titmouse, and that Ms. Prynoski lives in Los Angeles, California.  The remaining allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Ms. Prynoski conducts business throughout the State of Michigan, and deny that this Court has personal jurisdiction over Ms. Prynoski.

9.     Defendants admit that at the times relevant to this action, Mark Brooks was employed by Titmouse.  Defendants deny that Mr. Brooks resides in Los Angeles, California; Mr. Brooks resides in Henderson, Nevada.  The remaining allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Mr. Brooks conducts business throughout the State of Michigan, and deny that this Court has personal jurisdiction over Mr. Brooks.

4903-3783-6579v.4 0080059-000078

10.    Defendants admit that at the times relevant to this action, Tal
Moscovici was employed by Titmouse.  Defendants lack knowledge or information
sufficient to form a belief as to the truth of the remaining allegations in this
paragraph, and on that basis deny them.

## JURISDICTION AND VENUE

11.    The allegations in this paragraph state legal conclusions to which no
response is required.  To the extent a response is required, Defendants admit that
Plaintiffs purport to state claims under the Copyright Act of 1976, 17 U.S.C. § 101
*et seq.*, but deny the legal sufficiency of Plaintiffs' claims and allegations and deny
that Plaintiffs have any viable claim as to Defendants.  Defendants admit that this
Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§
1331, 1332 and 1338(a), and supplemental jurisdiction pursuant to 28 U.S.C.
§§ 1332 and 1367.

12.    The allegations in this paragraph state legal conclusions to which no
response is required.  To the extent a response is required, Defendants deny that
this Court has personal jurisdiction over Defendants.  By filing this Answer,
Defendants do not waive any argument that this Court's exercise of personal
jurisdiction over Defendants is improper.  Defendants deny the remaining
allegations set forth in this paragraph.

4

13.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that venue is authorized in this District pursuant to 28 U.S.C. § 1391.  Defendants further dispute that venue in this District is convenient pursuant to 28 U.S.C. § 1404(a).  By filing this Answer, Defendants do not waive any argument venue is improper or inconvenient in this District.  Defendants deny the remaining allegations set forth in this paragraph.

## GENERAL ALLEGATIONS

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

18.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that Plaintiffs are listed as copyright claimants "by written agreement" for the work titled *Hillside Lakes, "The Big Break" Pilot* registered at Copyright Registration

5

Number PAu004109634.  Defendants deny the remaining allegations set forth in this paragraph.

19.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that Plaintiffs are listed as copyright claimants "by written agreement" for Copyright Registration Number PAu004109634.  Defendants deny the remaining allegations set forth in this paragraph.

20.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that Plaintiffs are listed as copyright claimants "by written agreement" for Copyright Registration Number PAu004109634.  Defendants deny the remaining allegations set forth in this paragraph.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

26.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that Plaintiffs are listed as copyright claimants "by written agreement" for Copyright Registration Number PAu004109634.  Defendants deny the remaining allegations set forth in this paragraph.

27.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that Plaintiffs are listed as copyright claimants "by written agreement" for Copyright Registration Number PAu004109634.  Defendants deny the remaining allegations set forth in this paragraph.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

30.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

31.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

32.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that Plaintiffs are listed as copyright claimants "by written agreement" for Copyright Registration Number PAu004109634.  Defendants deny the remaining allegations set forth in this paragraph.

33.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

34.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

35.     Defendants admit that Mr. Moscovici was previously employed as a storyboard artist at Titmouse from January 2019 to May 2024.  Defendants further

state that Mr. Moscovici did not work on the animated television series *Fairfax* in connection with his work at Titmouse, or otherwise.

36.    Defendants admit only that on January 31, 2020, Mr. Brooks, who was employed at Titmouse from 2005 to 2022, received an unsolicited email from Mr. Amick regarding an animated series pitch.  Defendants further admit that during the same period, Mr. Moscovici was employed as a storyboard artist at Titmouse.  Defendants deny the remaining allegations set forth in this paragraph.

37.    Defendants admit only that Mr. Brooks communicated with Mr. Amick via email.  Defendants deny the remaining allegations set forth in this paragraph.

38.    Defendants deny the allegations set forth in this paragraph.

39.    Defendants admit that on January 31, 2020, Mr. Brooks emailed Amick to feel free to send materials. Defendants deny the remaining allegations set forth in this paragraph.

40.    Defendants admit that on February 1, 2020, Mr. Amick emailed Mr. Brooks certain materials relating to *Hillside Lakes*, including an animatic sizzle reel, a pilot script, and a pitch bible.  Defendants deny the remaining allegations set forth in this paragraph.

41.    Defendants admit only that after receiving an email from Mr. Amick attaching certain materials related to *Hillside Lakes*, Mr. Brooks, on February 4,

2020, informed Mr. Amick that Titmouse was not interested in the series.

Defendants deny the remaining allegations set forth in this paragraph.

42.    Defendants admit that Antonio Canobbio is the chief creative officer
of Titmouse. Defendants lack knowledge or information sufficient to form a belief
as to the truth of the remaining allegations in this paragraph, and on that basis deny
them.

43.    Defendants lack knowledge or information sufficient to form a belief
as to the truth of the allegations in this paragraph, and on that basis deny them.

44.    Defendants admit only that *Fairfax* is an animated series distributed
by Amazon. Defendants deny the remaining allegations set forth in this paragraph.

45.    Defendants admit only that Titmouse was engaged by Amazon to
produce the animated series *Fairfax*, but had no involvement in its creation;
*Fairfax* was created by Matt Hausfater, Aaron Buchsbaum, and Teddy Riley.
Defendants deny that either Mr. Moscovici or Mr. Brooks had any involvement
with the animated series *Fairfax* in connection with their employment at Titmouse,
or otherwise. Defendants deny the remaining allegations set forth in this
paragraph.

46.    The allegations in this paragraph state legal conclusions to which no
response is required. To the extent a response is required, Defendants deny that
any protectible elements of *Hillside Lakes* were copied or included in *Fairfax*.

47.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that *Hillside Lakes* is substantially similar to *Fairfax*.

48.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that *Hillside Lakes* is substantially similar to *Fairfax*.

49.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that *Hillside Lakes* is substantially similar to *Fairfax*.

50.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that *Hillside Lakes* is substantially similar to *Fairfax*.

## **DEFENDANT AMAZON**

51.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Titmouse licensed distribution or other rights in the animated series *Fairfax* to Amazon.  Defendants further state that Titmouse was engaged by Amazon to produce *Fairfax*, but had no involvement in its creation or distribution.

4903-3783-6579v.4 0080059-000078

52.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that Amazon distributed *Fairfax* through the online streaming service Prime Video.

53.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that Amazon distributed *Fairfax* through the online streaming service Prime Video.

## ACCESS

54.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

55.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

## SUBSTANTIAL SIMILARITIES: PLOT AND DIALOGUE

56.     Defendants deny that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

57.     Defendants deny that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

4903-3783-6579v.4 0080059-000078

58.    Defendants deny that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

59.    Defendants deny that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

60.    Defendants deny that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

61.    Defendants deny that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

62.    Defendants deny that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

63.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

64.    Defendants deny that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

65.    Defendants deny that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

66.    Defendants deny that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

67.    Defendants deny that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

68.     Defendants deny that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

69.     Defendants deny that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

70.     Defendants deny that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

71.     Defendants deny that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

<u>**SUBSTANTIAL SIMILARITIES:**</u>
<u>**CHARACTERS AND CHARACTER RELATIONSHIPS**</u>

72.     Defendants deny that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

73.     Defendants deny that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

74.     Defendants deny that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

75.     Defendants deny that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

76.     Defendants deny that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

4903-3783-6579v.4 0080059-000078

77.     Defendants deny that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

78.     Defendants deny that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

79.     Defendants deny that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

80.     Defendants deny that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

81.     Defendants deny that a recording of the tagline referenced in paragraph 80 was sampled or used in the animated series *Fairfax*.  Defendants further deny that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

82.     Defendants deny that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

83.     Defendants deny that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

84.     Defendants deny that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

4903-3783-6579v.4 0080059-000078

## SUBSTANTIAL SIMILARITIES: SETTING

85.    Defendants deny that there is any substantial similarity between
*Hillside Lakes* and *Fairfax*.

86.    Defendants deny that there is any substantial similarity between
*Hillside Lakes* and *Fairfax*.

87.    Defendants deny that they have generated any revenue, profits, and
goodwill from exploiting Plaintiffs' copyright.  They further deny that *Fairfax*
infringes *Hillside Lakes*.

88.    Defendants deny that they have generated any revenue, profits, and
goodwill from exploiting Plaintiffs' copyright.  They further deny that *Fairfax*
infringes *Hillside Lakes*.

89.    The allegations in this paragraph state legal conclusions to which no
response is required.  To the extent a response is required, Defendants deny them.

90.    Defendants admit that Plaintiffs are not credited as creators or co-
creators of *Fairfax*, and deny that they had any obligation to do so.

91.    The allegations in this paragraph state legal conclusions to which no
response is required.  To the extent a response is required, Defendants deny them.

92.    The allegations in this paragraph state legal conclusions to which no
response is required.  To the extent a response is required, Defendants deny them.

4903-3783-6579v.4 0080059-000078

93.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

## COUNT I
## COPYRIGHT INFRINGEMENT

94.     Defendants incorporate by reference paragraphs 1-93 of this Answer as if fully set forth herein.

95.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

96.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

97.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

98.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

99.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

100.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

101.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

102.    The allegations in this paragraph state legal conclusions to which no
response is required.  To the extent a response is required, Defendants deny them.

## COUNT II
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

103.    Defendants incorporate by reference paragraphs 1-102 of this Answer
as if fully set forth herein.

104.    The allegations in this paragraph state legal conclusions to which no
response is required.  To the extent a response is required, Defendants deny them.

105.    The allegations in this paragraph state legal conclusions to which no
response is required.  To the extent a response is required, Defendants deny them.

106.    The allegations in this paragraph state legal conclusions to which no
response is required.  To the extent a response is required, Defendants deny them.

107.    The allegations in this paragraph state legal conclusions to which no
response is required.  To the extent a response is required, Defendants deny them.

## COUNT III
## VICARIOUS COPYRIGHT INFRINGEMENT
## (TITMOUSE DEFENDANTS)

108.    Defendants incorporate by reference paragraphs 1-107 of this Answer
as if fully set forth herein.

109.    The allegations in this paragraph state legal conclusions to which no
response is required.  To the extent a response is required, Titmouse Defendants
deny them.

18

110.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, the Titmouse Defendants deny them.

111.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, the Titmouse Defendants deny them.

## COUNT IV
## UNJUST ENRICHMENT

112.    Defendants incorporate by reference paragraphs 1-111 of this Answer as if fully set forth herein.

113.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

114.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

115.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

116.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

19

## COUNT V
## BREACH OF CONTRACT
## (DEFENDANT MOSCOVICI)

117.   Defendants incorporate by reference paragraphs 1-116 of this Answer as if fully set forth herein.

118.   Defendants need not respond to this paragraph because it states allegations in support of a claim not alleged against them, and to the extent a response is required, they deny the allegations.

119.   Defendants need not respond to this paragraph because it states allegations in support of a claim not alleged against them, and to the extent a response is required, they deny the allegations.

120.   Defendants need not respond to this paragraph because it states allegations in support of a claim not alleged against them, and to the extent a response is required, they deny the allegations.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

The remainder of the Amended Complaint is a Prayer for Relief to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief requested in paragraphs A-H of the Prayer for Relief, nor are Plaintiffs entitled to any other relief.

4903-3783-6579v.4 0080059-000078

## SEPARATE AND ADDITIONAL DEFENSES

Defendants allege the following separate and additional defenses.  By

alleging these separate and additional defenses, Defendants are not in any way

agreeing or conceding that they bear the burden of proof or persuasion on any of

these issues.  Defendants reserve the right to supplement, amend, or modify these

separate and additional defenses, as appropriate, based on information obtained

during the course of this litigation.

### FIRST SEPARATE AND ADDITIONAL DEFENSE

1.     The Amended Complaint and each of its claims fail to state a claim

upon which relief can be granted**.**

### SECOND SEPARATE AND ADDITIONAL DEFENSE

2.     Plaintiffs lack standing and their claims are barred, in whole or in part,

to the extent Plaintiffs cannot demonstrate that they possess a valid, registered

copyright for each of the allegedly infringed *Hillside Lakes* materials, including the

animatics, scripts, sizzle reels, notes, and pitch bible.

### THIRD SEPARATE AND ADDITIONAL DEFENSE

3.     Plaintiffs' claims are barred, in whole or in part, to the extent

Plaintiffs cannot establish ownership of *Hillside Lakes*.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE

4.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs cannot demonstrate access, including because the *Fairfax* scripts were written by third-party creators before Amazon engaged Titmouse to produce the series.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

5.      Plaintiffs' claims are barred, in whole or in part, because *Fairfax* was independently created.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

6.      Plaintiffs' claims are barred, in whole or in part, because the allegedly infringing work *Fairfax* is not substantially similar to *Hillside Lakes*.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

7.      Plaintiffs' claims are barred, in whole or in part, because the alleged selection and arrangement of elements in *Hillside Lakes* is not infringed by *Fairfax*.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

8.      Plaintiffs' claims are barred, in whole or in part, because *Fairfax* does not contain any protectable expression owned by Plaintiffs.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

9.      Plaintiffs' claims are barred, in whole or in part, because the allegedly infringed elements are not protectable under copyright law.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

4903-3783-6579v.4 0080059-000078

10.    Plaintiffs' claims for vicarious on contributory infringement are barred, in whole or in part, because Plaintiffs fail to state a claim for direct infringement.

### ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

11.    Plaintiffs' claim for unjust enrichment is barred, in whole or in part, because the claim is preempted by the Copyright Act, 17 U.S.C. § 301.

### TWELFTH SEPARATE AND ADDITIONAL DEFENSE

12.    Plaintiffs have suffered no injury or damage as a result of any act or conduct by Defendants.

### THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

13.    Because Plaintiffs' purported copyright was not registered before the alleged infringement occurred, Plaintiffs cannot recover statutory damages and attorneys' fees.

### FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

14.    To the extent that Plaintiffs request punitive damages, the request is barred because Defendants acted in good faith, and their conduct was not willful or malicious, at all times relevant to the Amended Complaint.

### FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

15.    The Amended Complaint and each of its claims are barred by the doctrine of unclean hands.

4903-3783-6579v.4 0080059-000078

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

16.    Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

17.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

18.    Plaintiffs have failed to mitigate their damages, if any.

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

19.    The Amended Complaint's claims for damages are barred because Plaintiffs' alleged damages are speculative or uncertain in their nature and are not susceptible of proof with reasonable certainty.

## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

20.    The Amended Complaint, to the extent that it seeks injunctive relief, is barred because the injury or damage allegedly suffered by Plaintiffs, if any, would be adequately compensated in an action at law for damages, and therefore Plaintiffs are not entitled to seek equitable relief.

## TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

4903-3783-6579v.4 0080059-000078

21.    The Court may not exercise general or specific personal jurisdiction

over Defendants.  Defendants have moved to dismiss for lack of personal

jurisdiction.

## TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

22.    The District is not a proper forum for this dispute under 28 U.S.C. §§

1391 or 1400(a), and is inconvenient under 28 U.S.C. § 1404(a).  Defendants have

moved to dismiss this action to another district based on inconvenient venue.

## <u>PRAYER FOR RELIEF</u>

THEREFORE, Defendants pray for judgment as follows:

1.    A judgment in favor of Defendants denying Plaintiffs all requested

relief and dismissing the Amended Complaint with prejudice;

2.    That Defendants be awarded their costs of suit, including, without

limitation, reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

3.    That Plaintiffs be sanctioned and Titmouse Defendants be awarded

their costs of suit, including, without limitation, reasonable attorneys' fees, on the

grounds that Plaintiffs unreasonably and vexatiously increased costs under 28

U.S.C. § 1927;

4.    That Plaintiffs be sanctioned and Titmouse Defendants be awarded

their costs of suit, including, without limitation, reasonable attorneys' fees, on the

grounds that Plaintiffs' claims are frivolous under Rule 11 of the Federal Rules of

Civil Procedure; and

5.    That the Court award Defendants such other and further relief as the

Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Defendants respectfully request a trial by jury on all issues so triable.

DATED: March 13, 2025        DAVIS WRIGHT TREMAINE LLP


By: _____ */s/ Diana Palacios* _____
               Diana Palacios

DIANA PALACIOS (CA Bar No. 290923)
dianapalacios@dwt.com
JAMES H. MOON (CA Bar No. 268215)
jamesmoon@dwt.com
CRISTINA M. SALVATO (CA Bar No. 295898)
tinasalvato@dwt.com
JOEL RICHERT (CA Bar No. 327116)
joelrichert@dwt.com
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

BODMAN PLC
JUSTIN P. BAGDADY (P79764)
jbagdady@bodmanlaw.com
SPENCER M. DARLING (P87321)
sdarling@bodmanlaw.com
201 S. Division Street, Suite 400
Ann Arbor, MI 48104

26

(734) 761-3780

*Attorneys for Defendants Titmouse Inc., Amazon Content Services LLC, Chris Prynoski, Shannon Prynoski, Mark Brooks, and Tal Moscovici*

4903-3783-6579v.4 0080059-000078

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 13, 2025, the foregoing document was filed and served electronically on all counsel of record via the Court's CM/ECF system.

By: _____*/s/ Diana Palacios*_____
Diana Palacios

4903-3783-6579v.4 0080059-000078