UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOYA HANKINS, MARCUS AMICK
and AMOS ARAUZ,

                    Plaintiffs,

    v.

TITMOUSE INC., AMAZON CONTENT
SERVICES LLC, CHRIS PRYNOSKI,
SHANNON PRYNOSKI, MARK
BROOKS, and TAL MOSCOVICI,

                Mr. Moscovici.

_____/

Case No. 2:24-cv-12682
Honorable: David M. Lawson
Magistrate: Anthony P. Patti

Jury Trial Demanded

## DEFENDANT TAL MOSCOVICI'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

     Defendant Tal Moscovici, by and through his undersigned attorneys, hereby

answer the First Amended Complaint and Demand for Jury Trial, dated December

5, 2024 (the "Amended Complaint") filed by Plaintiffs Toya Hankins, Marcus

Amick, and Amos Arauz (collectively, "Plaintiffs").  To the extent that any

allegation in the Amended Complaint is not specifically admitted, the allegation is

denied.  Mr. Moscovici answers the corresponding numbered paragraphs of the

Amended Complaint as follows:

## PARTIES

1.      Mr. Moscovici admits that Toya Hankins is one of the named plaintiffs in this action and is an individual.  Mr. Moscovici lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

2.      Mr. Moscovici admits that Marcus Amick is one of the named plaintiffs in this action and is an individual.  Mr. Moscovici lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

3.      Mr. Moscovici admits that Amos Arauz is one of the named plaintiffs in this action and is an individual.  Mr. Moscovici lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

4.      Mr. Moscovici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

5.      Mr. Moscovici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

6.      Mr. Moscovici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

7.      Mr. Moscovici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

8.      Mr. Moscovici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

9.      Mr. Moscovici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

10.      Mr. Moscovici admits that at the times relevant to this action, he was employed by Titmouse.  Mr. Moscovici denies that Mr. Moscovici resides in Los Angeles, California; he resides in Lomita, California.  The remaining allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies that he conducts business throughout the State of Michigan, and denies that this Court has personal jurisdiction over him.

4938-9595-5238v.2 0080059-000078

## JURISDICTION AND VENUE

11.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici admits that Plaintiffs purport to state claims under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, but deny the legal sufficiency of Plaintiffs' claims and allegations and deny that Plaintiffs have any viable claim as to Mr. Moscovici.  Mr. Moscovici admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a), and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1367.

12.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies that this Court has personal jurisdiction over him.  By filing this Answer, Mr. Moscovici does not waive any argument that this Court's exercise of personal jurisdiction over Mr. Moscovici is improper.  Mr. Moscovici denies the remaining allegations set forth in this paragraph.

13.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies that venue is authorized in this District pursuant to 28 U.S.C. § 1391.  Mr. Moscovici further disputes that venue in this District is convenient pursuant to 28 U.S.C. § 1404(a).  By filing this Answer, Mr. Moscovici does not waive any

4

argument venue is improper or inconvenient in this District.  Mr. Moscovici denies the remaining allegations set forth in this paragraph.

## **GENERAL ALLEGATIONS**

14.    Mr. Moscovici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

15.    Mr. Moscovici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

16.    Mr. Moscovici admits that the characters in *Hillside Lakes* are culturally diverse and reside in a fictional neighborhood in Los Angeles.  Mr. Moscovici denies the remaining allegations set forth in this paragraph.

17.    Mr. Moscovici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

18.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici admits only that Plaintiffs are listed as copyright claimants "by written agreement" for the work titled *Hillside Lakes, "The Big Break" Pilot* registered at Copyright

Registration Number PAu004109634.  Mr. Moscovici denies the remaining allegations set forth in this paragraph.

19.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici admits only that Plaintiffs are listed as copyright claimants "by written agreement" for Copyright Registration Number PAu004109634.  Mr. Moscovici denies the remaining allegations set forth in this paragraph.

20.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici admits only that Plaintiffs are listed as copyright claimants "by written agreement" for Copyright Registration Number PAu004109634.  Mr. Moscovici denies the remaining allegations set forth in this paragraph.

21.    Mr. Moscovici admits that in or around August 2013, he was engaged by Mr. Amick as a Storyboard Director to create an animatic for a television production pitch titled *Hillside Lakes*.  Mr. Moscovici lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis deny them.

22.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici admits that in or around August 2013, he was engaged by Mr. Amick as a Storyboard

6

Director to create an animatic for a television production pitch titled *Hillside Lakes*.

23.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici admits that in or around August 2013, Mr. Moscovici was engaged by Mr. Amick as a Storyboard Director to create an animatic for a television production pitch titled *Hillside Lakes*.

24.     Mr. Moscovici admits that in connection with his engagement as a Storyboard Director to create an animatic for a television production pitch titled *Hillside Lakes*, Mr. Amick provided Mr. Moscovici with copies of certain material related to the television production pitch, including a pilot script, prior animatic, notes, and a pitch bible.

25.     Mr. Moscovici admits only that in connection with his engagement as a Storyboard Director to create an animatic for a television production pitch titled *Hillside Lakes*, Mr. Amick provided Mr. Moscovici with copies of certain material related to the television production pitch, including a pilot script, prior animatic, notes, and a pitch bible.

26.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici admits only that Plaintiffs are listed as copyright claimants "by written agreement" for

7

Copyright Registration Number PAu004109634. Mr. Moscovici denies the

remaining allegations set forth in this paragraph.

27.     The allegations in this paragraph state legal conclusions to which no

response is required. To the extent a response is required, Mr. Moscovici admits

only that Plaintiffs are listed as copyright claimants "by written agreement" for

Copyright Registration Number PAu004109634. Mr. Moscovici denies the

remaining allegations set forth in this paragraph.

28.     Mr. Moscovici admits only that Mr. Moscovici included an entry on

his LinkedIn website profile describing his engagement as a Storyboard Director to

create an animatic for a television production pitch titled *Hillside Lakes*. Mr.

Moscovici denies the remaining allegations set forth in this paragraph.

29.     Mr. Moscovici admits that on or around August 12, 2013, Mr. Amick

and Mr. Moscovici entered into a Confidentiality and Nondisclosure Agreement,

which was attached as Exhibit 3 to the Complaint.

30.     The allegations in this paragraph state legal conclusions to which no

response is required. To the extent a response is required, Mr. Moscovici admits

only that on or around August 12, 2013, Mr. Amick and Mr. Moscovici entered

into a Confidentiality and Nondisclosure Agreement, which was attached as

Exhibit 3 to the Complaint. Mr. Moscovici denies the remaining allegations as an

improper attempt to characterize a written document that speaks for itself.

8

31.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici admits only that on or around August 12, 2013, Mr. Amick and Mr. Moscovici entered into a Confidentiality and Nondisclosure Agreement, which was attached as Exhibit 3 to the Complaint.

32.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici admits only that Plaintiffs are listed as copyright claimants "by written agreement" for Copyright Registration Number PAu004109634.  Mr. Moscovici denies the remaining allegations set forth in this paragraph.

33.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies that his conduct was wrongful and denies that he ever disclosed any of the material related to the television production pitch titled *Hillside Lakes* provided to him by Mr. Amick.

34.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici admits only that he did not, at any time, hold himself out an agent of Ms. Hankins, Mr. Amick, or Mr. Arauz.

35.     Mr. Moscovici admits that he was previously employed as a storyboard artist at Titmouse from January 2019 to May 2024.  Mr. Moscovici further states that he did not work on the animated television series *Fairfax* in connection with his work at Titmouse, or otherwise.

36.     Mr. Moscovici admits only that he was previously employed as a storyboard artist at Titmouse from January 2019 to May 2024.  Mr. Moscovici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

37.     Mr. Moscovici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

38.     Mr. Moscovici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

39.     Mr. Moscovici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

40.     Mr. Moscovici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

41.     Mr. Moscovici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

42.     Mr. Moscovici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

43.     Mr. Moscovici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

44.     Mr. Moscovici admits only that *Fairfax* is an animated series distributed by Amazon.  Mr. Moscovici denies the remaining allegations set forth in this paragraph.

45.     Mr. Moscovici denies that he had any involvement with the animated series *Fairfax* in connection with their employment at Titmouse, or otherwise.  Mr. Moscovici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

46.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

47.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies that *Hillside Lakes* is substantially similar to *Fairfax*.

48.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies that *Hillside Lakes* is substantially similar to *Fairfax*.

49.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies that *Hillside Lakes* is substantially similar to *Fairfax*.

50.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies that *Hillside Lakes* is substantially similar to *Fairfax*.

## **DEFENDANT AMAZON**

51.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny them.

52.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici admits

only that Amazon distributed the animated series *Fairfax* through the online streaming service Prime Video.

53.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici admits only that Amazon distributed the animated series *Fairfax* through the online streaming service Prime Video.

## ACCESS

54.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies the allegations set forth in this paragraph and specifically denies that he ever disclosed any of the material related to the television production pitch titled *Hillside Lakes* provided to him by Mr. Amick.

55.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

## SUBSTANTIAL SIMILARITIES: PLOT AND DIALOGUE

56.    Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

57.     Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

58.     Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

59.     Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

60.     Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

61.     Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

62.     Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

63.     Mr. Moscovici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

64.     Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

65.     Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

66.     Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

67.     Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

68.     Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

69.     Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

70.     Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

71.     Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

## SUBSTANTIAL SIMILARITIES: CHARACTERS AND CHARACTER RELATIONSHIPS

72.     Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

73.     Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

74.     Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

4938-9595-5238v.2 0080059-000078

75.    Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

76.    Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

77.    Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

78.    Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

79.    Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

80.    Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

81.    Mr. Moscovici lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.  Mr. Moscovici further denies that there is any substantial similarity between the animated series *Hillside Lakes* and the animated series *Fairfax*.

82.    Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

83.    Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

84.     Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

## SUBSTANTIAL SIMILARITIES: SETTING

85.     Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

86.     Mr. Moscovici denies that there is any substantial similarity between *Hillside Lakes* and *Fairfax*.

87.     Mr. Moscovici denies that he has generated any revenue, profits, and goodwill from exploiting Plaintiffs' copyright.  Mr. Moscovici further denies that *Fairfax* infringes *Hillside Lakes*.

88.     Mr. Moscovici denies that he has generated any revenue, profits, and goodwill from exploiting Plaintiffs' copyright.  Mr. Moscovici further denies that *Fairfax* infringes *Hillside Lakes*.

89.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies them.

90.     Mr. Moscovici admits that Plaintiffs are not credited as creators or co-creators of *Fairfax*.  Mr. Moscovici lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

17

91.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies them.

92.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies them.

93.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies them.

## COUNT I
## COPYRIGHT INFRINGEMENT

94.     Mr. Moscovici incorporates by reference paragraphs 1-93 of this Answer as if fully set forth herein.

95.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies them.  Mr. Moscovici further states that he did not work on the animated television series *Fairfax* in connection with his work at Titmouse, or otherwise.

96.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies them.  Mr. Moscovici further states that he did not work on the animated television series *Fairfax* in connection with his work at Titmouse, or otherwise.

18

97.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies them.  Mr. Moscovici further states that he did not work on the animated television series *Fairfax* in connection with his work at Titmouse, or otherwise.

98.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies them.  Mr. Moscovici further states that he did not work on the animated television series *Fairfax* in connection with his work at Titmouse, or otherwise.

99.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies them.  Mr. Moscovici further states that he did not work on the animated television series *Fairfax* in connection with his work at Titmouse, or otherwise.

100.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies them.  Mr. Moscovici further states that he did not work on the animated television series *Fairfax* in connection with his work at Titmouse, or otherwise.

101.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies them.  Mr. Moscovici further states that he did not work on the animated television series *Fairfax* in connection with his work at Titmouse, or otherwise.

102.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies them.  Mr. Moscovici further states that he did not work on the animated television series *Fairfax* in connection with his work at Titmouse, or otherwise.

## COUNT II
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

103.   Mr. Moscovici incorporates by reference paragraphs 1-102 of this Answer as if fully set forth herein.

104.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies them.  Mr. Moscovici further states that he did not work on the animated television series *Fairfax* in connection with his work at Titmouse, or otherwise.

105.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies them.  Mr. Moscovici further states that he did not work on the animated television series *Fairfax* in connection with his work at Titmouse, or otherwise.

106.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies them.  Mr. Moscovici further states that he did not work on the animated television series *Fairfax* in connection with his work at Titmouse, or otherwise.

4938-9595-5238v.2 0080059-000078

107.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies them.  Mr. Moscovici further states that he did not work on the animated television series *Fairfax* in connection with his work at Titmouse, or otherwise.

## COUNT III
## VICARIOUS COPYRIGHT INFRINGEMENT
## (TITMOUSE DEFENDANTS)

108.   Mr. Moscovici incorporates by reference paragraphs 1-107 of this Answer as if fully set forth herein.

109.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies them.  Mr. Moscovici further states that he did not work on the animated television series *Fairfax* in connection with his work at Titmouse, or otherwise.

110.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies them.  Mr. Moscovici further states that he did not work on the animated television series *Fairfax* in connection with his work at Titmouse, or otherwise.

111.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies them.  Mr. Moscovici further states that he did not work on the animated television series *Fairfax* in connection with his work at Titmouse, or otherwise.

## COUNT IV
## <u>UNJUST ENRICHMENT</u>

112.   Mr. Moscovici incorporates by reference paragraphs 1-111 of this Answer as if fully set forth herein.

113.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies them.  Mr. Moscovici further states that he did not work on the animated television series *Fairfax* in connection with his work at Titmouse, or otherwise.

114.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies them.  Mr. Moscovici further states that he did not work on the animated television series *Fairfax* in connection with his work at Titmouse, or otherwise.

115.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies them.  Mr. Moscovici further states that he did not work on the animated television series *Fairfax* in connection with his work at Titmouse, or otherwise.

116.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies them.  Mr. Moscovici further states that he did not work on the animated television series *Fairfax* in connection with his work at Titmouse, or otherwise.

4938-9595-5238v.2 0080059-000078

## COUNT V
## BREACH OF CONTRACT
## (DEFENDANT MOSCOVICI)

117.   Mr. Moscovici incorporates by reference paragraphs 1-116 of this Answer as if fully set forth herein.

118.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici admits that on or around August 12, 2013, Mr. Amick and Mr. Moscovici entered into a Confidentiality and Nondisclosure Agreement, which was attached as Exhibit 3 to the Complaint.

119.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies them.

120.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mr. Moscovici denies them.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

The remainder of the Amended Complaint is a Prayer for Relief to which no response is required.  To the extent a response is required, Mr. Moscovici denies that Plaintiffs are entitled to any relief requested in paragraphs A-H of the Prayer for Relief, nor are Plaintiffs entitled to any other relief.

23

## SEPARATE AND ADDITIONAL DEFENSES

Mr. Moscovici alleges the following separate and additional defenses. By alleging these separate and additional defenses, Mr. Moscovici is not in any way agreeing or conceding that he bears the burden of proof or persuasion on any of these issues. Mr. Moscovici reserves the right to supplement, amend, or modify these separate and additional defenses, as appropriate, based on information obtained during the course of this litigation.

### FIRST SEPARATE AND ADDITIONAL DEFENSE

1.     The Amended Complaint and each of its claims fail to state a claim upon which relief can be granted.

### SECOND SEPARATE AND ADDITIONAL DEFENSE

2.     Plaintiffs lack standing and their claims are barred, in whole or in part, to the extent Plaintiffs cannot demonstrate that they possess a valid, registered copyright for each of the allegedly infringed *Hillside Lakes* materials, including the animatics, scripts, sizzle reels, notes, and pitch bible.

### THIRD SEPARATE AND ADDITIONAL DEFENSE

3.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs cannot establish ownership of *Hillside Lakes*.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE

24

4.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs cannot demonstrate access, including because the *Fairfax* scripts were written by third-party creators before Amazon engaged Titmouse to produce the series.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

5.      Plaintiffs' claims are barred, in whole or in part, because *Fairfax* was independently created.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

6.      Plaintiffs' claims are barred, in whole or in part, because the allegedly infringing work *Fairfax* is not substantially similar to *Hillside Lakes*.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

7.      Plaintiffs' claims are barred, in whole or in part, because the alleged selection and arrangement of elements in *Hillside Lakes* is not infringed by *Fairfax*.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

8.      Plaintiffs' claims are barred, in whole or in part, because *Fairfax* does not contain any protectable expression owned by Plaintiffs.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

9.      Plaintiffs' claims are barred, in whole or in part, because the allegedly infringed elements are not protectable under copyright law.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

25

10.    Plaintiffs' claims for vicarious on contributory infringement are barred, in whole or in part, because Plaintiffs fail to state a claim for direct infringement.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

11.    Plaintiffs' claim for unjust enrichment is barred, in whole or in part, because the claim is preempted by the Copyright Act, 17 U.S.C. § 301.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

12.    Plaintiffs have suffered no injury or damage as a result of any act or conduct by Mr. Moscovici.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

13.    Because Plaintiffs' purported copyright was not registered before the alleged infringement occurred, Plaintiffs cannot recover statutory damages and attorneys' fees.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

14.    To the extent that Plaintiffs request punitive damages, the request is barred because Mr. Moscovici acted in good faith, and his conduct was not willful or malicious, at all times relevant to the Amended Complaint.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

15.    The Amended Complaint and each of its claims are barred by the doctrine of unclean hands.

4938-9595-5238v.2 0080059-000078

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

16.     Plaintiffs' claims are barred, in whole or in part, by the applicable

statute of limitations.

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

17.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of

laches.

## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

18.     Plaintiffs have failed to mitigate their damages, if any.

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

19.     The Amended Complaint's claims for damages are barred because

Plaintiffs' alleged damages are speculative or uncertain in their nature and are not

susceptible of proof with reasonable certainty.

## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

20.     The Amended Complaint, to the extent that it seeks injunctive relief,

is barred because the injury or damage allegedly suffered by Plaintiffs, if any,

would be adequately compensated in an action at law for damages, and therefore

Plaintiffs are not entitled to seek equitable relief.

## TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

4938-9595-5238v.2 0080059-000078

21.    The Court may not exercise general or specific personal jurisdiction

over Mr. Moscovici.  Mr. Moscovici has moved to dismiss for lack of personal

jurisdiction.

## TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

22.    The District is not a proper forum for this dispute under 28 U.S.C. §§

1391 or 1400(a), and is inconvenient under 28 U.S.C. § 1404(a).  Mr. Moscovici

has moved to dismiss this action to another district based on inconvenient venue.

## PRAYER FOR RELIEF

THEREFORE, Mr. Moscovici pray for judgment as follows:

1.    A judgment in favor of Mr. Moscovici denying Plaintiffs all requested

relief and dismissing the Amended Complaint with prejudice;

2.    That Mr. Moscovici be awarded his costs of suit, including, without

limitation, reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

3.    That Plaintiffs be sanctioned and Mr. Moscovici be awarded his costs

of suit, including, without limitation, reasonable attorneys' fees, on the grounds

that Plaintiffs unreasonably and vexatiously increased costs under

28 U.S.C. § 1927;

4.    That Plaintiffs be sanctioned and Mr. Moscovici be awarded his costs

of suit, including, without limitation, reasonable attorneys' fees, on the grounds

28

that Plaintiffs' claims are frivolous under Rule 11 of the Federal Rules of Civil

Procedure; and

5.    That the Court award Mr. Moscovici such other and further relief as

the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Mr. Moscovici respectfully requests a trial by jury on all issues so triable.


DATED: March 13, 2025          DAVIS WRIGHT TREMAINE LLP


By: _____ */s/ Diana Palacios* _____
                        Diana Palacios

DIANA PALACIOS (CA Bar No. 290923)
dianapalacios@dwt.com
JAMES H. MOON (CA Bar No. 268215)
jamesmoon@dwt.com
CRISTINA M. SALVATO (CA Bar No. 295898)
tinasalvato@dwt.com
JOEL RICHERT (CA Bar No. 327116)
joelrichert@dwt.com
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

BODMAN PLC
JUSTIN P. BAGDADY (P79764)
jbagdady@bodmanlaw.com
SPENCER M. DARLING (P87321)
sdarling@bodmanlaw.com
201 S. Division Street, Suite 400
Ann Arbor, MI 48104

29

(734) 761-3780

*Attorneys for Defendants Titmouse Inc., Amazon Content Services LLC, Chris Prynoski, Shannon Prynoski, Mark Brooks, and Tal Moscovici*

4938-9595-5238v.2 0080059-000078

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 13, 2025, the foregoing document was filed

and served electronically on all counsel of record via the Court's CM/ECF system.


By: _____*/s/ Diana Palacios*_____
Diana Palacios