DIANA PALACIOS (State Bar No. 290923)
  dianapalacios@dwt.com
CRISTINA SALVATO (State Bar No. 295898)
  tinasalvato@dwt.com
JOEL RICHERT (State Bar No. 327116)
  joelrichert@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendants TITMOUSE INC.,
AMAZON CONTENT SERVICES LLC, CHRIS
PRYNOSKI, SHANNON PRYNOSKI, MARK
BROOKS, and TAL MOSCOVICI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOYA R. HANKINS, et al.,<br><br>                      Plaintiffs,<br><br>        vs.<br><br>TITMOUSE INC., et al.,<br><br>                      Defendants. | Case No. 2:25-cv-02454-AB-KS<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date:        June 13, 2025<br>Time:        10:00 a.m.<br>Ctrm:        7B<br><br>Assigned to the Hon. André Birotte Jr.<br><br>Action Transferred: March 18, 2025 |

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# **<u>TABLE OF CONTENTS</u>**

**<u>Page</u>**

I.     INTRODUCTION ........................................................................................... 1

II.    COURTS ROUTINELY DETERMINE SUBSTANTIAL SIMILARITY ON A MOTION TO DISMISS ................................................ 3

III.   PLAINTIFFS' COMPARISON OF THE WORKS IS DEFICIENT AND REPLETE WITH BLATANT MISCHARACTERIZATIONS ........... 6

    A.   Plot and Plot Elements......................................................................... 7

    B.   Characters and Character Relationships............................................. 10

    C.   Setting ................................................................................................. 12

    D.   Theme and Dialogue........................................................................... 12

IV.    THE COURT SHOULD REJECT PLAINTIFFS' NEW SELECTION-AND-ARRANGEMENT THEORY ...................................... 13

V.     THE COURT SHOULD DISMISS WITH PREJUDICE ........................... 15

VI.    CONCLUSION........................................................................................... 15

REPLY ISO MOTION TO DISMISS

**Davis Wright Tremaine** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdullah v. Walt Disney Co.*,
  714 F. App'x 758 (9th Cir. 2018) ............................................................3

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................... 3, 4

*Astor-White v. Strong*,
  817 F. App'x 502 (9th Cir. 2020) ...........................................................8

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ..........................................................................3

*Berkic v. Crichton*,
  761 F.2d 1289 (9th Cir. 1985) ......................................................... 5, 7

*Bernal v. Paradigm Talent & Lit. Agency*,
  788 F. Supp. 2d 1043 (C.D. Cal. 2010) ................................................ 15

*Carlini v. Paramount Pictures*,
  2022 WL 614044 (9th Cir. Mar. 2, 2022).......................................... 5, 7, 8

*Carroll Shelby Licensing v. Halicki*,
  643 F. Supp. 3d 1048 (C.D. Cal. 2022) ..................................................7

*Christianson v. W. Publ'g Co.*,
  149 F.2d 202 (9th Cir. 1945) .......................................................... 4, 5

*Eaton v. Nat'l Broad.*,
  972 F. Supp. 1019 (E.D. Va. 1997) ..................................................... 10

*Esplanade Prods. v. Walt Disney Co.*,
  768 F. App'x 732 (9th Cir. 2019) .................................................... 3, 15

*Fillmore v. Blumhouse Prods.*,
  771 F. App'x 756 (9th Cir. 2019) ...........................................................3

*Gable v. Nat'l Broad.*,
  727 F. Supp. 2d 815 (C.D. Cal. 2010) ................................................. 14

REPLY ISO MOTION TO DISMISS

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Gallagher v. Lions Gate Ent.*,
   2015 WL 12481504 (C.D. Cal. Sept. 11, 2015) ................................................ 13

*Gilbert-Daniels v. Lions Gate Ent.*,
   2024 WL 5116299 (9th Cir. Dec. 16, 2024) ...................................................... 13

*Gregorini v. Apple Inc.*,
   2020 WL 6128067 (C.D. Cal. May 28, 2020) ...................................................... 5

*Gregorini v. Apple Inc.*,
   2022 WL 522307 (9th Cir. Feb. 22, 2022) ..................................................... 4, 5

*Heusey v. Emmerich*,
   692 F. App'x 928 (9th Cir. 2917) ..................................................................... 15

*Litchfield v. Spielberg*,
   736 F.2d 1352 (9th Cir. 1984) .............................................................. 7, 8, 14

*Masterson v. Walt Disney Co.*,
   821 F. App'x 779 (9th Cir. Aug. 3, 2020) ...................................................... 3, 4

*Metcalf v. Bochco*,
   294 F.3d 1069 (9th Cir. 2002) .......................................................................... 13

*Rentmeester v. Nike*,
   883 F.3d 1111 (9th Cir. 2018) ............................................................................ 4

*Rice v. Fox Broad.*,
   330 F.3d 1170 (9th Cir. 2003) .......................................................................... 13

*Ricketts v. CBS*,
   439 F. Supp. 3d 1199 (C.D. Cal. 2020) .......................................................... 14

*Satava v. Lowry*,
   323 F.3d 805 (9th Cir. 2003) ............................................................................ 13

*Shame on You Prods. v. Banks*,
   690 F. App'x 519 (9th Cir. 2017) ...................................................................... 3

*Silas v. Home Box Office*,
   201 F. Supp. 3d 1158 (C.D. Cal. 2016) ...................................................... 11, 12

*Silas v. Home Box Office*,
   713 F. App'x 626 (9th Cir. 2018) ...................................................................... 3

REPLY ISO MOTION TO DISMISS

*Skidmore v. Led Zeppelin*,
    952 F.3d 1051 (9th Cir. 2020) ............................................................. 6, 7, 13, 15

*Tiscareno v. Netflix*,
    2014 WL 12558125 (C.D. Cal. Mar. 6, 2014)............................................. 10, 11

*Unicolors v. Urban Outfitters*,
    853 F.3d 980 (9th Cir. 2017) ....................................................................4

*Wild v. NBC Universal*,
    513 F. App'x 640 (9th Cir. 2013) ...............................................................1

*Zella v. E.W. Scripps Co.*,
    529 F. Supp. 2d 1124 (C.D. Cal. 2007) .........................................................6

**Statutes**

17 U.S.C. § 102(b) ........................................................................................1

**Rules**

Federal Rule of Civil Procedure
    8(a)(2)..........................................................................................3
    12(b)(6) ..................................................................................... 3, 6

iv

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# I.    INTRODUCTION

In lieu of offering analysis or persuasive arguments, Plaintiffs merely restate the allegations set forth in their First Amended Complaint ("FAC") almost verbatim.  *See, e.g.*, Dkt. 64 ("Opp.") at 2-10.  But no matter how many times Plaintiffs repeat their conclusory and misleading allegations, they cannot overcome the fact that *Hillside Lakes* and *Fairfax* are not at all similar.  Nevertheless, in an effort to advance their infringement claim past the pleading stage, Plaintiffs urge the Court to accept the notion that the broad concept of an adult animated comedy television series "featuring a diverse group of friends living near Hollywood" is not only protectable, but purportedly expressed in the same manner in both *Hillside Lakes* and *Fairfax*.  But ideas and premises are not protectable.  17 U.S.C. § 102(b).  Even a cursory review of the works at issue reveals that Plaintiffs' alleged similarities are nothing more than mischaracterizations.  In reality, the works' *protectable* expressions are not similar—let alone *substantially* so.

*First*, Plaintiffs' assertion that they need only meet a bare, conclusory pleading standard to survive a motion to dismiss disregards well-established Ninth Circuit and Central District precedent.  Courts consistently have held that it is not sufficient to simply recite the element of substantial similarity—Plaintiffs must allege facts that support a *plausible* claim of infringement.  And in copyright cases involving literary works (including television series)[1] properly before the Court and capable of examination, the Court can and should dismiss an infringement claim for lack of substantial similarity where the works themselves reveal there is no infringement as a matter of law.  *See* Section II.

*Second*, Plaintiffs' Opposition relies on obvious mischaracterizations of the works in an effort to manufacture the illusion of similarity.  Rather than engage

---

[1] The Ninth Circuit uses the term "literary works" to include dramatic works like television series.  *See, e.g.*, *Wild v. NBC Universal*, 513 F. App'x 640, 641 (9th Cir. 2013) (television series and novel).

REPLY ISO MOTION TO DISMISS

with the detailed analysis set forth in the Motion, Plaintiffs simply ignore the numerous and substantive differences in plot, theme, characters, setting, and dialogue.  Instead, they present a disjointed list of alleged similarities—many of which are either taken out of context or inaccurately described.  These superficial comparisons fail under closer scrutiny and do not support a claim of substantial similarity.  *See* Section III.

*Third*, Plaintiffs now attempt to argue—despite not raising the theory in the FAC—that their purported "selection and arrangement" of elements is protectable.  But as explained above, this purported "selection" is nothing more than a compilation of random and superficial similarities pulled from various episodes of Defendants' 16-episode series.  These elements are either unprotectable concepts, *scenes a faire*, or are misrepresentations of one or both of the works.  Moreover, Plaintiffs make no effort to articulate any coherent or original "arrangement" of these elements—let alone one that is unique to *Hillside Lakes* or meaningfully replicated in *Fairfax*.  Section IV.

*Fourth*, the Court should dismiss this case with prejudice.  Plaintiffs cannot demonstrate that any amendment would cure the fundamental defects in their claim, as the clear differences between the works arise from their core creative elements—not from any pleading deficiency.  A straightforward review of the *Hillside Lakes* pilot script alongside *Fairfax* confirms that the works are fundamentally dissimilar, rendering further amendment both futile and unwarranted.  *See* Section V.

*Further*, in the Opposition, Plaintiffs do not even bother to address Defendants' arguments as to Plaintiffs' ancillary claims for relief.  As explained in the Motion, because Plaintiffs' direct copyright infringement claim fails, so too do their ancillary claims for contributory and vicarious copyright infringement, unjust enrichment, and breach of contract.  *See* Mot. at 19-20.

Because Plaintiffs do not come close to stating a plausible claim for relief, the Court should dismiss this baseless complaint with prejudice.

REPLY ISO MOTION TO DISMISS

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## II.    COURTS ROUTINELY DETERMINE SUBSTANTIAL SIMILARITY ON A MOTION TO DISMISS

In copyright-infringement cases, courts can—and frequently do—decide substantial similarity on a motion to dismiss, and the Ninth Circuit regularly affirms dismissals for lack of substantial similarity under Rule 12(b)(6) in cases like this one. *See* Dkt. 60 ("Mot.") at 6; *see also Masterson v. Walt Disney Co.*, 821 F. App'x 779, 780-82 n.1 (9th Cir. Aug. 3, 2020) (affirming dismissal for lack of substantial similarity between film and book where their shared theme and high-level plot were "too general to be cognizable similarit[ies]," and the remaining "supposed similarities fade[d] away upon scrutiny") (collecting affirmed cases).[2] Courts in the Central District routinely review literary works like television series at the motion-to-dismiss stage to determine whether plaintiffs plausibly have pleaded, *or can plead*, substantial similarity.  Plaintiffs do not dispute this, but instead argue that all that is required of them here is to plead the basic elements of access and substantial similarity.  *See* Opp. at 12-13, 15.  That's not enough under Rule 8(a)(2).

As the Ninth Circuit explained in *Masterson*, at this stage, "the court is required to determine whether the complaint states a *plausible* claim."  821 F. App'x at 781 (emphasis added) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  "Plausibility" requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" misconduct.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).  This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556

---

[2] *See, e.g.*, *Fillmore v. Blumhouse Prods.*, 771 F. App'x 756, 756–57 (9th Cir. 2019) (manuscript and film); *Esplanade Prods. v. Walt Disney Co.*, 768 F. App'x 732, 733 (9th Cir. 2019) (treatment and movie); *Abdullah v. Walt Disney Co.*, 714 F. App'x 758, 759 (9th Cir. 2018) (book and movie); *Silas v. Home Box Office*, 713 F. App'x 626, 627 (9th Cir. 2018) (television series and screenplay); *Shame on You Prods. v. Banks*, 690 F. App'x 519, 520 (9th Cir. 2017) (screenplay and film), *cert. denied* 583 U.S. 917 (2017).

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

U.S. at 679.  And where the works "are properly before" the court "and thus 'capable of examination and comparison,'" the court may dismiss the claim "as a matter of law" where, as here, "[n]othing disclosed during discovery could alter the fact that the allegedly infringing works are … not substantially similar." *Rentmeester v. Nike*, 883 F.3d 1111, 1123 (9th Cir. 2018) (quoting *Christianson v. W. Publ'g Co.*, 149 F.2d 202, 203 (9th Cir. 1945)); *see also Masterson*, 821 F. App'x at 781 ("[T]here will also be times where the court's 'judicial experience and common sense' shows that the claims are not plausible and that a comparison of the two works creates no more than a 'mere possibility of misconduct.'") (quoting *Iqbal*, 556 U.S. at 679).

Plaintiffs claim *Unicolors v. Urban Outfitters*, 853 F.3d 980 (9th Cir. 2017) lays out the "proper analysis for determining copyright infringement."  Opp. at 15. But *Unicolors* has no relevance here.  That case, which was decided at summary judgment and involved "nearly identical" fabric designs, merely stated that in applying this Circuit's two-part analysis, the extrinsic test is undertaken by the court, while the intrinsic test is generally (but not always) reserved for the jury. *Unicolors*, 853 F.3d at 985 (citation omitted).  Unlike *Unicolors*, this case does not involve "nearly identical" works, and Plaintiffs certainly have not, and cannot, plead "striking similarity."  Indeed, Plaintiffs cannot even adequately plead substantial similarity to satisfy the extrinsic test.  Rather, this case involves two works "before the court, capable of examination and comparison," that are so dispositively dissimilar that "non-infringement can be determined on a motion to dismiss."  *See Christianson*, 149 F.2d at 203.[3]

---

[3] Plaintiffs rely on *Gregorini v. Apple Inc.*, 2022 WL 522307 (9th Cir. Feb. 22, 2022), to suggest that dismissal at this stage would not be appropriate.  *See* Opp. at 17-18.  But there, the works at issue involved an unusual shared premise with far more allegations of similarities than claimed here, including that both works involved a teenage girl who is hired to be a nanny, only to find that the baby is a realistic doll that the grieving mother is using as a form of trauma therapy.  *See*

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Recent Central District decisions confirm this.  In *Collier v. McKay*, which was decided in January, Judge Garnett dismissed copyright allegations because the plaintiff could not plead substantial similarity.  761 F. Supp. 3d 1300, 1316 (C.D. Cal. 2025).  The court noted that both works' plots featured "low-level scientists [who] discover large comets predicted to collide with the Earth; appear on talk shows to inform the public of their findings, with initial public apathy; and the works culminate in 'mayhem' as the comets become[] visible from Earth."  *Id.* at 1312.  But the court held that those similarities were mere "*scenes a faire* that flow from the concept of an impending comet strike on the Earth."  *Id.* (citing *Berkic v. Crichton*, 761 F.2d 1289, 1293 (9th Cir. 1985)).

And in *Eden Film Production v. Lockjaw*, Judge Pregerson dismissed a plaintiff's copyright complaint with prejudice for lack of substantial similarity after reviewing the two works at issue, and held that plaintiff's inability to establish substantial similarity was "not an artifact of any pleading deficiency, but rather stem[med] from the fundamental characteristics of the works themselves."  2025 WL 1386018, at *7 (C.D. Cal. April 25, 2025).  Although the film and television series at issue there shared the premise of a soccer team forced to survive after their plane crashes, all but one of the remaining alleged similarities either were mischaracterizations or else *scenes a faire*.  *Id.* at *5.

---

*Gregorini v. Apple Inc.*, 2020 WL 6128067, at *1-3 (C.D. Cal. May 28, 2020). Although the trial court initially dismissed on lack of substantial similarity, the Ninth Circuit reversed because it found that "expert testimony would aid the court in objectively evaluating similarities in cinematic techniques, … and comparing works in the different mediums of film and television."  2022 WL 522307, at *1. No such expert testimony is necessary here because both *Hillside Lakes* and *Fairfax* are animated television series, and unlike in *Gregorini*, Plaintiffs have entirely failed to allege the kind of unique similarities in protectable expression—indeed, the random similarities Plaintiffs have proffered consist of nothing more than mischaracterizations, stock elements of adult-animated series, or *scenes a faire* to the premise of a television series set in modern-day Los Angeles.  This case more closely resembles *Carlini* and *Eden Film Production*, discussed below.

REPLY ISO MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

To avoid dismissal, Plaintiffs cannot simply plead a list of purported similarities and call it a day; they must in fact plead a *plausible* claim of *substantial similarity* in protectable expression between the two series.  And "[i]f after examining the works themselves, this Court determines that there is no substantial similarity, then the plaintiff … can prove no facts in support of his claim which would entitle him to relief—the standard for dismissal under Rule 12(b)(6)."  *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1131 (C.D. Cal. 2007).

## III.    PLAINTIFFS' COMPARISON OF THE WORKS IS DEFICIENT AND REPLETE WITH BLATANT MISCHARACTERIZATIONS

In response to Defendants' thorough fourteen-page analysis walking through the extrinsic test and refuting Plaintiffs' alleged similarities (*see* Mot. at 6-19), Plaintiffs merely parrot back the allegations in the FAC and assert—without elaboration—that "the stylistic similarities and common elements between *Hillside Lakes* and *Fairfax* are sufficient to defeat Defendants' motion to dismiss in light of Defendants' concession that they are not challenging access at this time."  Opp. at 19.[4]  Plaintiffs fail to meaningfully rebut that the alleged similarities between the

---

[4] Contrary to Plaintiffs' characterization of the Motion, Defendants do not "concede" access.  Plaintiffs rely on a theory of access involving only Titmouse despite knowing full well that Titmouse did not create *Fairfax* and was engaged as the animator only after the concept was developed.  *See, e.g.*, Denise Petsky, *Adult Animated Comedy 'Fairfax' Gets 2-Season Order By Amazon*, DEADLINE, Jan. 29, 2020, available at https://deadline.com/2020/01/adult-animated-comedy-fairfax-gets-2-season-order-by-amazon-1202845588/.  Plaintiffs have no theory of access as to the creators of *Fairfax*.  If this case proceeds to discovery, Defendants will move for summary judgment on independent creation and lack of access.  It is only for the purposes of this Motion that Defendants do not challenge access.  Mot. at 5 n.4.  Substantial similarity remains the sole issue before the Court at this stage.

Plaintiffs nevertheless devote an inordinate amount of their Opposition to the issue of access (*see, e.g.*, Opp. at 3-6, 10, 13 19) in hopes that the Court will overlook the lack of similarity between the two works—an apparent attempt to revive the "inverse ratio rule."  But the Ninth Circuit resoundingly rejected this approach in *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1066 (9th Cir. 2020), holding

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

works consist solely of unprotectable ideas and common elements that are expressed in vastly different ways, or blatant mischaracterizations—none of which carry any weight when the actual works are before the Court. *See Carroll Shelby Licensing v. Halicki*, 643 F. Supp. 3d 1048, 1054 (C.D. Cal. 2022) ("the works themselves supersede and control contrary descriptions of them") (citation omitted), *aff'd*, 2025 WL 1499052 (9th Cir. May 27, 2025). A straightforward review of the supposed "similarities" confirms that the works bear no meaningful resemblance and fall far short of the threshold for substantial similarity.

**A.    Plot and Plot Elements**

Plaintiffs double down on their assertion that *Hillside Lakes* and *Fairfax* are substantially similar because "[b]oth series are centered around a culturally diverse group of friends in fictional neighborhoods in Los Angeles." Opp. at 6. But that is nothing more than a "general plot idea[]," which the Ninth Circuit repeatedly has held, "[is] not protected by copyright law." *Berkic*, 761 F.2d at 1293; *see also Litchfield v. Spielberg*, 736 F.2d 1352, 1357 (9th Cir. 1984) (finding no substantial similarity because "[a]ny similarities in plot exist[ed] only at [a] general level for which plaintiff cannot claim copyright protection").

Plaintiffs fail to address much of the case law Defendants cite in the Motion, and their attempts to distinguish a select few fall flat. For example, Plaintiffs attempt to draw a "stark contrast" to *Carlini v. Paramount Pictures*, 2022 WL 614044 (9th Cir. Mar. 2, 2022), claiming that unlike the works at issue there, Plaintiffs purportedly have "set[] forth numerous substantial similarities." Opp. at 14. But *Carlini* is directly on point. There, after reviewing the movie *What Men Want* and a plaintiff's unpublished screenplay, the court held that although "[b]oth

_____

that "[a]ccess does not obviate the requirement that the plaintiff must demonstrate that the defendant actually copied the work," and "in no way can prove substantial similarity." *Id.* at 1069. Plaintiffs' misguided focus on access simply cannot make up for the fact that *Hillside Lakes* and *Fairfax* are dispositively different.

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

works follow a woman who gains the ability to hear men's thoughts, … the plots diverge substantially from there." 2022 WL 614044, at *1. Notably, like Plaintiffs here, the plaintiff in *Carlini* listed sixteen allegedly similar "events" in both works, which the court rightly disregarded as nothing more than a list of "random similarities." *Id.* at *2 (quoting *Litchfield*, 736 F.2d at 1356).

Although the plaintiff in *Astor-White v. Strong*, 817 F. App'x 502 (9th Cir. 2020), did not establish access, the court independently found that the works did not share anything more than "unprotectable 'ideas and concepts, … and *scenes a faire*.'" *Id.* at 504 (citation omitted). Likewise, here, even if the Court accepts Plaintiffs' allegation that both works "are centered around a culturally diverse group of friends in fictional neighborhoods in Los Angeles," and involve a storyline "introducing the characters as they gather for a cultural opportunity" (Opp. at 6-7), the plots diverge substantially from there. *See* Mot. at 1-4. And even a cursory review of the two works reveals that the particular expression of this abstract premise, including the ages and racial make-up of the group of friends at the center of each work, the actual plot, and the alleged "cultural opportunity," are dramatically different. *See id.* at 10.

Defendants already have debunked in detail many of the parroted "similarities" in Plaintiffs' Opposition. *Compare* Opp. at 6-8, 19-25 (#s 3, 5-8, 10, 12-13, 26) *with* Mot. at 9-14. As for the few newly-alleged plot similarities, a review of the works makes clear that they, too, amount to nothing more than ideas, stock elements typical of the genre, *scenes a faire*, or outright mischaracterizations.

• Plaintiffs allege that both *Hillside Lakes* and *Fairfax* parody "the 'Hollywood fame machine,'" (Opp. at 19 (#1)), but that is an empty platitude with no specific meaning. To the extent it is definable, it is nothing more than an unprotectable concept and *scene a faire* to a television series set in Los Angeles. *See* Mot. at 8-9. And the allegations that both series contain "ensemble sequencing, parody of branding, character-based satire," and "characters … seeking social

validation" not only are too general to be protectable, but also are *scenes a faire* to the adult animation genre; they are also common elements present in countless works satirizing modern society and its obsession with consumer and social media culture.  *See* Opp. at 19-23 (#s 1-2, 9, 14); *see also* Mot. at 8, 14.

- Plaintiffs claim that an entire potential episode in *Hillside Lakes* in which Max is kidnapped at the Coachella music festival (*see* Dkt. 60-3 ("Ex. B") at 20 ("Road Trip")) is similar to a brief 9-second cutaway scene in *Fairfax* in which Quattro reminisces about the time he "got separated from the flock," and had to be saved from an "organic farmer" (*see* Dkt 60-4 ("Ex. C") (Ep. 105) at 08:13-08:22); Opp. at 21 (#6).  Beyond the fact that the potential episode and scene feature talking birds—which is an unprotectable idea commonly used in animated works (*see* Mot. at 11)—there simply is no similarity between these two plot elements.

- Plaintiffs claim that Eric in *Hillside Lakes* and Dale in *Fairfax* are "featured in nearly identical scenarios … in which their fear of public embarrassment causes them to imagine worse-case scenarios involving suicide." Opp. at 23 (#17).  That is not the case.  In *Hillside Lakes*, Eric, concerned that the reality show might "actually take[] off," imagines his parents divorcing as a result of the "embarrassment [he's] subjected them to," which will lead to his dad committing suicide.  Dkt. 60-4 ("Ex. A") at 3-4.  In *Fairfax*, Dale goes viral when he is tagged in numerous memes with the hashtag #DaleHatesHisDad, and as a result, is given the superlative "Suicide Watch of the Week" by his classmates at Fairfax Middle School.  Ex. C (Ep. 104) at 05:17-06:01.  Plaintiffs' ridiculous assertion that these are similar in any respect is refuted by the works themselves.

- Plaintiffs allege that an 8-second scene in the *Hillside Lakes* sizzle reel (which Plaintiffs have not provided to the Court) is similar to a 9-second scene in *Fairfax*.  Opp. at 24-25 (#25).  But Plaintiffs again are engaging in blatant mischaracterization.  In the scene in *Hillside Lakes* that Plaintiffs are referring to, Mike is fantasizing about "[rolling] in the dinero" once cast in the reality series and

REPLY ISO MOTION TO DISMISS

9

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

"extends his arms, rolling out a ticket-roll of dollar bills, as the pupils in his eyes bulge with dollar signs." *See* Ex. A at 13.  In *Fairfax*, Benny, while on a class trip to a ritzy Los Angeles old folks home, realizes that the elderly people there have luxury "swag," and while fantasizing about how much money he can make from re-selling this swag online, his head explodes into a fountain of dollars and cents.  Ex. C (Ep. 103) at 4:27-4:36.  Apart from a character fantasizing about getting rich and the use of dollar sign graphics, both of which are too general to be protectable, there's nothing similar between these brief scenes.

## B.    Characters and Character Relationships

Plaintiffs fail to provide any meaningful analysis of alleged similarities between the characters in *Hillside Lakes* and *Fairfax* (*see* Opp. at 8-9, 19-25 (#s 5, 7, 15-19, 21-23)), and ignore the overwhelming dissimilarities.  *See* Mot. at 14-18. Beyond superficial similarities in race and ethnicity between a few characters, none of the adult characters in *Hillside Lakes* and the middle-school-age characters in *Fairfax* are alike in any respect.  As explained in the Motion, "basic human traits … are too general or too common to deserve copyright protection."  *Eaton v. Nat'l Broad.*, 972 F. Supp. 1019, 1029 (E.D. Va. 1997), *aff'd*, 145 F.3d 1324 (4th Cir. May 21, 1998).  And even if Plaintiffs could plausibly allege similarities beyond these superficial traits, "significant age gap[s]" and "different maturity levels" are precisely the types of differences between characters that undermine a finding of substantial similarity as a matter of law.  *See, e.g.*, *Tiscareno v. Netflix*, 2014 WL 12558125, at *9 (C.D. Cal. Mar. 6, 2014) (holding "40-something … brooding" protagonist not similar to "immature, 20-something with a cavalier … attitude").

Plaintiffs assert that the Court should ignore these dissimilarities because "[i]n both works, the characters are preoccupied with celebrity culture and the entertainment industry."  Opp. at 19.  But a character's preoccupation with celebrity culture is nothing more than *scene a faire* to a series commenting on a modern fame-obsessed society set in Los Angeles, and certainly cannot overcome the fact

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

that none of the alleged characters are alike in any other cognizable manner. Plaintiffs' allegations comparing other characters falls flat:

- Plaintiffs allege that "[b]oth series include satirical rappers." Opp. at 21 (#11). But the "rappers" in each series are completely different. In *Hillside Lakes*, Buttah holds out hope that a "corny rap group" that he represents is one day going to be signed to a major label, "even though they really can't rap." Ex. B at 6. In contrast, *Fairfax* features a rapper named Young Polluter who headlines Chernobylfest, a nuclear-fallout themed music festival, and raps about polluting the planet to a humongous crowd of fans. *See* Ex. C (Ep. 105) at 23:25. Moreover, merely including rappers as characters in a series is an unprotectable concept.

- Plaintiffs assert that Johnny in *Hillside Lakes*, a 24-year-old Italian New Yorker (Ex. B at 9), is similar to Uncle Mindi in *Fairfax*, a retired Jewish entertainment executive (Ex. C (Ep. 103) at 10:33-11:28). Opp. at 23-24 (#20). Plaintiffs' only allegation of similarity is that both characters use the word "'baby' in a comedic manner" when greeting another character. *Id.* But use of a common greeting cannot meet the "very high degree of similarity" required to find substantial similarity between characters who are different in every other respect. *See Silas v. Home Box Office*, 201 F. Supp. 3d 1158, 1177 (C.D. Cal. 2016).

- Plaintiffs claim that *Hillside Lakes*' Johnny is similar to *Fairfax*'s Truman and Dale because Johnny "uses [his girlfriend's] oversized sunglasses as a vanity mirror," and Truman and Dale "frequently check their appearance in … reflective surfaces." Opp. at 24 (#24). As Plaintiffs acknowledge, however, checking one's appearance in reflective surfaces is *scene a faire* to the premise of a character obsessed with "influencer behavior." *Id.* But even if the Court accepts Plaintiffs' allegation that this generic similarity is protectable, a single trait in common cannot overcome the overwhelming differences between these characters. *See* Mot. at 15-16; Ex. B at 9; *see also Tiscareno*, 2014 WL 12558125, at *9.

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## C.    Setting

Plaintiffs claim both works take place "in a fictional version of a Los Angeles neighborhood." Opp. at 9.  But "'[t]he mere fact that the two shows are set in the same city does not give rise to a finding of substantial similarity of copyrightable expression.'" Mot. at 19 (quoting *Silas*, 201 F. Supp. 3d at 1176).  And at any rate, the works take place in entirely different Los Angeles neighborhoods. *Id.* at 18-19.

Plaintiffs claim infringement since both works feature "a pun-filled neighborhood pet store and a white Rastafarian/Bohemian-type character who operates a beverage bar that also serves as a medical marijuana hangout." *See* Opp. at 20 (#4).  But this claim is false.  The pitch bible describes two fictional settings: a coffee shop that "doubles as a medical marijuana dispensary," and a "Russian owned pet supply store that … is a front for a terrorist ring." Ex. B at 6.  But *Fairfax* does not feature a Russian-owned pet supply store.  And in the scene that Plaintiffs refer to, Derica takes Benny to a health food and wellness grocery store— not a coffee shop/marijuana dispensary. Ex. C (Ep. 102) at 09:19.  There, Derica introduces Benny to a yogi of unknown ethnicity who runs a juice bar, and who provides Benny with a "super cleanse" potion with hallucinogenic properties. *Id.* at 09:30.  Nothing similar takes place in the *Hillside Lakes*.  Even if *Fairfax* included these alleged settings, which it does not, a coffee shop, marijuana dispensary, and pet-supply store are generic business establishments typical of any cityscape and thus would be expected to appear in a series set in Los Angeles. Mot. at 18.

## D.    Theme and Dialogue

Plaintiffs cannot plausibly claim that the themes and dialogue of the two works are at all similar.  As explained in the Motion, the themes of the two works are very different: whereas *Hillside Lakes* follows "[a] group of dysfunctional 20-somethings on the outskirts of Hollywood," *Fairfax* centers on the lives of four best friend middle schoolers. *See* Mot. at 14.  Plaintiffs likewise fail to demonstrate any substantial similarity of dialogue.  Instead, Plaintiffs double down on the discredited

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

assertion that Mike and Dale share the same "tagline of 'Whaaaaaaat?!,'" and now

claim that Johnny and Uncle Mindi both use the word "baby." Opp. at 9, 23-24 (#s

18, 20). But these "amount[] to nothing more than generic and common" words.

*Gallagher v. Lions Gate Ent.*, 2015 WL 12481504, at \*10 (C.D. Cal. Sept. 11,

2015). Moreover, having two words in common is a far cry from the "extended

similarity" needed to establish substantial similarity in dialogue. In *Gallagher*, for

example, the court held that three sentences of similar dialogue were insufficient.

*Id.* Thus, no substantial similarity in dialogue exists here. *See* Mot. at 19.

## IV.    THE COURT SHOULD REJECT PLAINTIFFS' NEW SELECTION-AND-ARRANGEMENT THEORY

Plaintiffs attempt to salvage their claim by alleging for the first time in the

Opposition that the works share a protectable selection and arrangement. They do

not. The Ninth Circuit has long held that "a combination of unprotectable elements

is eligible for copyright protection only if those elements are numerous enough and

their selection and arrangement original enough that their combination constitutes

an original work of authorship." *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir.

2003). This standard is demanding, and the Ninth Circuit has not found

infringement under this theory in any case involving a literary work in more than

twenty years.[5] *See, e.g.*, *Rice v. Fox Broad.*, 330 F.3d 1170, 1178-79 (9th Cir.

2003) (rejecting argument where works did not involve the "same pattern of generic

similarities"). On the contrary, courts routinely reject plaintiffs' attempts to plead

---

[5] *Metcalf v. Bochco*, 294 F.3d 1069, 1075 (9th Cir. 2002), relied on the now abrogated inverse-ratio rule, and accordingly, is bad law. *See Skidmore*, 952 F.3d at 1066. Even if *Metcalf* were applicable, a selection-and-arrangement theory requires "[t]he similarities … [to be] *striking*." *Metcalf*, 294 F.3d at 1073 (emphasis added). Substantial similarity is not enough; a plaintiff must show striking similarity between the works at issue. *See Gilbert-Daniels v. Lions Gate Ent.*, 2024 WL 5116299, at \*2 (9th Cir. Dec. 16, 2024) (rejecting selection-and-arrangement theory). Here, Plaintiffs cannot show even substantial similarity (*see* Section III; Mot. at 6-19), and did not plead striking similarity—nor could they.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

copyright infringement by selection-and-arrangement where the works themselves

treat the allegedly selected elements in different ways. *See, e.g.*, *Collier*, 761 F.

Supp. 3d at 1313-14 (conducting "holistic analysis" and rejecting argument where

plaintiff failed to identify "concrete similarities" between the works); *Ricketts v.*

*CBS*, 439 F. Supp. 3d 1199, 1221 (C.D. Cal. 2020) (rejecting plaintiff's theory

where the works "[told] decidedly different stories" and holding that "most of the

similarities between the two works flow[ed] from the basic plot" or were

"overstate[d]") (granting judgment on the pleadings).

 *Gable v. Nat'l Broad.*, 727 F. Supp. 2d 815 (C.D. Cal. 2010), *aff'd*, 438 F.

App'x 587 (9th Cir. 2011) is instructive.  In *Gable*, the Ninth Circuit affirmed

summary judgment in favor of defendants and rejected plaintiff's selection-and-

arrangement argument.  In doing so, the court concluded that the plaintiff's list of

similarities was a collection of *scenes a faire*, holding that "superficial points of

comparison" between plaintiff's screenplay and defendants' television series were

"gleaned haphazardly from three seasons of the … series," and did not support any

infringement of "a 'selection and arrangement' of otherwise unprotectable

elements."  438 F. App'x at 588-89; *see also* 727 F. Supp. 2d 815, 840-41 (rejecting

plaintiff's attempt to fashion plot mischaracterizations and *scenes a faire* into

selection-and-arrangement theory).

 Here, Plaintiffs' FAC does not plead a selection-and-arrangement theory, and

the Opposition offers no viable argument that the alleged similarities between

*Hillside Lakes* and *Fairfax* are so pervasive, important, and sequential as to

constitute a protectable selection and arrangement.  Instead, Plaintiffs' rely on

exactly the type argument that courts reject—*i.e.*, a list of "random similarities

scattered throughout the works," which are "inherently subjective and unreliable."

*See Litchfield*, 736 F.2d at 1356.  Like the plaintiff in *Gable*, Plaintiffs'

mischaracterizations simply cannot support their theory.  Mot. at 6-19.  Even if

Plaintiffs could claim copyright protection in their "selection" of purported

14

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

similarities, Plaintiffs fail to show that the arrangement of those similarities is similar between the works. *See Skidmore*, 952 F.3d at 1075 (explaining theory applies only to "substantial amounts" of shared elements combined in the same "*novel* arrangement"). In fact, Plaintiffs have not bothered to place their alleged selection of similarities into any protectable arrangement or pattern, let alone one novel enough to satisfy the demanding standard applied to a selection-and-arrangement theory. *See* Opp. at 19-25.

## V.    THE COURT SHOULD DISMISS WITH PREJUDICE

The Court should dismiss this case with prejudice. Plaintiffs cannot demonstrate that any amendment would cure the fundamental defects in their claims because a straightforward review of the *Hillside Lakes* pilot script alongside the *Fairfax* series confirms that the works are fundamentally dissimilar, rendering further amendment futile. *See, e.g.*, *Bernal v. Paradigm Talent & Lit. Agency*, 788 F. Supp. 2d 1043, 1064-66 (C.D. Cal. 2010) (disregarding mischaracterized similarities identified by expert and instead comparing the works themselves); *Eden Film Prod.*, 2025 WL 1386018, at *7 (refusing amendment where lack of substantial similarity was "not an artifact of any pleading deficiency, but rather stem[med] from the fundamental characteristics of the works themselves").[6]

## VI.    CONCLUSION

Because it is clear from the works themselves that *Hillside Lakes* and *Fairfax* are not at all similar, this Court should dismiss Plaintiffs' FAC with prejudice.

DATED: May 30, 2025                Davis Wright Tremaine LLP
                                   By: _____*/s/ Diana Palacios*_____
                                        Diana Palacios

---

[6] *See also Esplanade Prods.*, 768 F. App'x at 734 (affirming dismissal where "[n]o discovery or expert testimony could show how the works are similar, so the claim is not plausible"); *Heusey v. Emmerich*, 692 F. App'x 928, 929 (9th Cir. 2917) (after comparing the works at issue, holding "[t]he district court did not abuse its discretion by dismissing [plaintiff's] complaint without leave to amend because amendment would be futile").

REPLY ISO MOTION TO DISMISS

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Titmouse Inc., Amazon Content Services LLC, Chris Prynoski, Shannon Prynoski, Mark Brooks, and Tal Moscovici, certifies that this brief contains 5,165 words, which complies with the word limit of L.R. 11-6.1.

DATED: May 30, 2025

DAVIS WRIGHT TREMAINE LLP
DIANA PALACIOS
CRISTINA SALVATO
JOEL RICHERT

By: _____ /s/ Diana Palacios _____
                Diana Palacios

REPLY ISO MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899